**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CYNTHIA BUTLER-RANCE,**

        **Plaintiff,**

**-vs-**           Case No.  6:06-cv-332-Orl-31JGG

**PROVIDIAN NATIONAL BANK CORP. INC., and EQUIFAX INFORMATION SERVICES, LLC,**

        **Defendants.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION TO SET ASIDE COURT'S ORDER OF MAY 17, 2006 DISMISSING DEFENDANT SWISS COLONY, INC. (Doc. No. 44)**
>
> **FILED:**  **August 1, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On April 24, 2006, Defendant The Swiss Colony, Inc. ("Swiss Colony") filed a motion to dismiss the claims against it, essentially on the grounds that there no private right of action exists under the FCRA for willful or negligent misreporting of consumer credit information.  (Doc. 13 at 2-3).  Pursuant to Local Rule 3.01(b) and Fed.R.Civ.P. 6, the response of the Plaintiff, Cynthia

Butler-Rance ("Butler-Rance"), was due on or before May 11, 2006.  On May 17, 2006, no response having been filed, the Court granted the motion to dismiss.  (Doc. 30).

On May 25, 2006, oblivious to the dismissal, Butler-Rance filed a response (Doc. 32) to Swiss Colony's motion to dismiss.  The next day, the Court struck the response as moot "in light of [the] Order granting [Swiss Colony's] Motion to Dismiss."  (Doc. 33).  Two months passed before Butler-Rance filed a motion (Doc. 40) to set aside the May 17 order granting Swiss Colony's 12(b)(6) motion.  Five days later, on July 31, 2006, Butler-Rance's motion was stricken due to a violation of the local rules pertaining to font size.  (Doc. 43).

Butler-Rance has now filed a new motion (Doc. 44) to set aside the order granting Swiss Colony's motion to dismiss.  Butler-Rance blames miscommunication with co-counsel's office for the "serious delay" in filing the response, and argues – without citation to precedent, or even to Rule 60 – that this miscommunication constitutes "excusable neglect".  (Doc. 44 at 2).  The Court disagrees.  The underlying communication problem might have been excusable (though the explanation offered is too minimal to justify such a conclusion).  But no explanation has been offered for the months that passed with no attempt to cure the problem after Swiss Colony's dismissal and the striking of her response should have put Butler-Rance's attorney(s) on notice that something was seriously wrong.  This inexplicable delay rules out any finding that the neglect was excusable.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 2, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE