**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CYNTHIA BUTLER-RANCE,**

    **Plaintiff,**

-vs-               Case No. 6:06-cv-332-Orl-31UAM

**PROVIDIAN BANCORP SERVICES,**
**INC., and ASSET ACCEPTANCE, LLC,**

    **Defendants.**

_____

# ORDER

This matter comes before the Court on the motion for summary judgment (Doc. 119) and accompanying memorandum of law (Doc. 120) filed by Defendant Providian Bancorp Services, Inc., n/k/a Washington Mutual Bank ("Washington Mutual") and the response (Doc. 143) filed by the Plaintiff, Cynthia Butler-Rance ("Butler-Rance").

**I. Background**

In her Second Amended Complaint (Doc. 97), Butler-Rance alleges that Washington Mutual and the other Defendants violated 15 U.S.C. § 1681 S-2(b) of the Fair Credit Reporting Act (the "FCRA"). (Doc. 97 at 1). Essentially, that section of the FCRA requires furnishers of financial information to investigate and address consumer complaints regarding the information they have provided to consumer credit reporting agencies. 15 U.S.C. § 1681 S-2(b). Butler-Rance accuses Washington Mutual of furnishing "inaccurate, false and incomplete" information to consumer credit reporting agencies and failing to respond when Butler-Rance objected. (Doc. 97 at 2-3). Butler-Rance only identified one example of such information: She contends she notified

"the credit bureaus" that Swiss Colony, Inc. ("Swiss Colony") – a former defendant in this case – gave her written notice that an account "had fraudulently been furnished in her name" and that it "was going to delete this account from her credit report" but failed to do so.  (Doc. 97 at 3).[1]

In Count I of the Second Amended Complaint, Butler-Rance alleges that Washington Mutual "owns or may own" Defendant Asset Acceptance, LLC ("Asset Acceptance") and seeks to hold Washington Mutual liable for allegedly improper collection activities by Asset Acceptance.  (Doc. 97 at 5).   Butler-Rance also alleges that Washington Mutual billed her for "various unwarranted expense charges," thereby furnishing false and misleading information in violation of the FCRA.  (Doc. 97 at 6).

**II.     Analysis**

Washington Mutual argues that it is entitled to summary judgment on several different bases.  It points out that Butler-Rance failed to respond to its requests for admission and, per Rule 36, is conclusively deemed to have admitted numerous points that fatally undermine her claim.  Specifically, she is deemed to have admitted that she  opened two credit card accounts with Washington Mutual, made charges on those accounts, and then stopped making payments on them while still owing a balance, all as reported by Washington Mutual to the various credit agencies (and contradicting her claim that someone fraudulently opened an account and made charges in her name).  Washington Mutual notes that Butler-Rance has testified that she cannot identify any

---

[1] In reference to Swiss Colony, Butler-Rance goes on to assert that "[m]ore specifically, the Plaintiff was charged for merchandise she never ordered or never purchased or received.  She complained in writing numerous times to Swiss Colony and its subsidiaries about this but it continues to this date."  (Doc. 97 at 3).

unauthorized charges to her accounts and asserts that it never reports individual charges to the credit reporting agencies.

Washington Mutual further asserts that Butler-Rance has failed to produce any evidence whatsoever that it furnished inaccurate information to anyone, that it failed to conduct a reasonable investigation of her objections regarding such information or that she suffered any damage as a result.[2] Butler-Rance has argued that the Defendants' misdeeds lowered her credit rating, resulting in a higher interest rate on her mortgage and denial of store credit card applications. According to Washington Mutual, the record shows that the mortgage was taken out months before she opened either Washington Mutual account. Further, Butler-Rance has not produced any evidence that any credit-card denials occurred, much less that the stores doing so relied on any information furnished by Washington Mutual. Finally, Washington Mutual denies owning or having ever owned any interest in Asset Acceptance and provides an affidavit to that effect from one of its officers. (Doc. 78).

Thus, if Washington Mutual's motion for summary judgment is determined to be meritorious, Butler-Rance loses several different ways – from admitting facts that fatally undermine her allegations to failing to produce any evidence in support of several required elements of her claim. It is a serious effort, requiring a serious rebuttal.

---

[2]In addition to failing to respond to Washington Mutual's requests for admission, Butler-Rance is alleged to have failed to respond to Washington Mutual's interrogatories and document requests seeking, *inter alia*, any evidence supporting these elements of her claim. (Doc. 120 at 6).

Butler-Rance's response to Washington Mutual's motion – and, it should be noted, to a similar motion filed by another defendant[3] – is two pages long.  Actually, describing it as "two pages" is being generous; the substantive portion of the response occupies the bottom third of the first page and the top third of the second.  In the response Butler-Rance argues – or, more accurately, her attorney argues on her behalf – that she had "submitted her Affidavit and Documents as well as a significant Case decision in The Federal Fair Debt Collection Practices Act[4] which requires validation of all of which is absent by Defendants."  (Doc. 143 at 1)(capitalization in the original).  The response provides no explanation as to the relevance of the "Affidavit and Documents".  The "significant Case decision," which is also provided without explanation of its significance, is *Spears v. Brennan* (Doc. 144)[5], a 2001 intermediate-level Indiana appellate decision.  (Doc. 144).  Though the Court has no reason to suspect that *Spears v. Brennan* is anything other than good law, the case has no relevance to any of the points raised in Washington Mutual's motion.  The lack of relevance is not surprising, in that *Spears* is a Fair Debt

---

[3]The defendant that filed the second motion for summary judgment, Equifax Information Services LLC ("Equifax"), settled with Butler-Rance and was dismissed prior to the entry of this order.  (Doc. 147).

[4]As noted above, Butler-Rance's Second Amended Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, not the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*.

[5]Although the copy of the *Spears* decision provided to the Court bears the instruction "For Publication," no publication citation is provided.

Collection Practices Act case, while Butler-Rance's claims arise under the Fair Credit Reporting Act.[6]

Rather than attempt to explain any of this purported evidence or legal precedent, the author of the response simply reiterates Butler-Rance's allegations about the allegedly fraudulent account and charges at Swiss Colony. (Doc. 143 at 1-2). And that is it. No effort is made to address the arguments raised by Washington Mutual – i.e., to explain how the admissions do not harm Butler-Rance's case or to point to evidence that Washington Mutual failed to investigate or that she suffered damages. Despite being captioned "Memorandum of Law," the substantive portion of the response contains no case citations or legal argument. Butler-Rance's accompanying affidavit, which also fails to address any of the points raised in Washington Mutual's motion, is too vague to support even the allegations about the Swiss Colony account.[7]

---

[6]The Fair Credit Reporting Act is codified at 15 U.S.C. § 1681 *et seq.* The Fair Debt Collection Practices Act is codified at 15 U.S.C. § 1692 *et seq.*

[7]Here, in its entirety, is the portion of Butler-Rance's affidavit dealing with Washington Mutual (which she continues to identify as "Providian"):

> As of today's date despite repeated requests to Providian I still have no itemized statement as to the sources and details of these alleged charges. Therefore since Providian has still not responded please consider this my written demand for your itemized statement of these charges. I have never received any validation of this claim having also asked Asset Management and Arrow Financial for details to which they did not respond.

(Doc. 143-2 at 1). In her affidavit and in her response, Butler never provides any information about these alleged requests, such as when and how they were made. She never identifies the charges to which she refers. Most importantly, she never explains how any of this information helps her avoid summary judgment.

A first-year law student who submitted this "response" for a legal writing class would likely be encouraged to rethink his or her choice of career. To receive such a grossly incompetent effort from a practicing attorney is appalling.

**III.   Conclusion**

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the motion for summary judgment (Doc. 119) filed by Defendant Providian Bancorp Services, Inc., n/k/a Washington Mutual Bank is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 9, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party